IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JMS, DLS and JAS,<br>all minors by their parents,<br>TS and CS, individually<br>and as parents and natural<br>guardians of JMS, DLS and JAS, | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 02-3993 |
| | : | |
| DONALD RUMSFELD, SECRETARY | : | |
| DEPARTMENT OF DEFENSE, | : | |
| UNITED STATES OF AMERICA | : | |
| DEFENSE CRIMINAL INVESTIGATIVE | : | |
| SERVICE, | : | |
| and | : | |
| THREE UNKNOWN AGENTS, | : | |
| | : | |
| Defendants. | : | |

## ORDER

AND NOW, this          day of                              2002, upon

consideration of Defendants' Motion to Dismiss the Complaint and plaintiff's response thereto, it

is hereby

## ORDERED

that the defendants' motion to dismiss is granted for the reasons set forth in their memorandum of

law and plaintiffs' Complaint is hereby dismissed.

BY THE COURT:

_____
                                                                                    J.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JMS, DLS and JAS, | : | |
| all minors by their parents, | : | |
| TS and CS, individually | : | |
| and as parents and natural | : | |
| guardians of JMS, DLS and JAS, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 02-3993 |
| | : | |
| DONALD RUMSFELD, SECRETARY | : | |
| DEPARTMENT OF DEFENSE, | : | |
| UNITED STATES OF AMERICA | : | |
| DEFENSE CRIMINAL INVESTIGATIVE | : | |
| SERVICE, | : | |
| and | : | |
| THREE UNKNOWN AGENTS, | : | |
| | : | |
| Defendants. | : | |

<u>DEFENDANTS' MOTION TO DISMISS THE COMPLAINT</u>

Pursuant to Rules 12(b)(1), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure, defendants move this Court for an order dismissing the plaintiffs' Complaint. The basis for this motion is as follows:

1.     In a three page Complaint, five unidentified plaintiffs vaguely allege that Donald Rumsfeld, the Secretary of Defense, and three unknown agents violated their constitutional or statutory rights by serving a subpoena on them "in a nasty and conniving manner." Plaintiffs' Complaint does not identify any of the parties by name, sets forth few facts and completely fails to specify the basis of plaintiffs' claim or the district court's jurisdiction. Even upon a cursory analysis, it is clear that there is no legal basis for the plaintiffs' claim and that their Complaint must be dismissed.

2.    In their Complaint, plaintiffs assert in passing that the Court has jurisdiction of this case under the Federal Tort Claims Act.  Although plaintiffs do not explain the basis for their assertion, it is clear that any possible claim under the Federal Tort Claims Act must fail because plaintiffs have not named a proper defendant under the Federal Tort Claims Act, alleged that they have filed an administrative claim, demonstrated that they exhausted their administrative remedies or stated a viable common law tort claim against the defendants.

3.    Plaintiffs also claim that the defendants violated the "Federal Whistle Blower's Act."  Plaintiffs never provide the citation for this statute in their Complaint or otherwise identify the specific legal basis for their claim.  To the extent that plaintiffs are claiming that defendant violated the Whistleblower Protection Act of 1989, their claim is frivolous.  Plaintiffs do not allege that they are federal employees, that they made a protected disclosure, that they suffered an adverse personnel action or that the protected disclosure was a contributing factor in their disciplinary action.  Moreover, plaintiffs never allege that they exhausted their administrative remedies under the Whistleblower Protection Act or show that the district court has jurisdiction over their claim.

4.    Plaintiffs claim that the defendants violated their constitutional rights under the Fourth Amendment.  Plaintiffs, however, fail to set forth any violation of the Fourth Amendment, much less a "clearly established" violation of their constitutional rights and the defendants would plainly be entitled to qualified immunity.  Moreover, plaintiffs' claim against Donald Rumsfeld and the unknown "male supervisor" fails because a violation of constitutional rights cannot, in any event, be predicated upon the theory of respondeat superior.

5.    Finally, plaintiffs' Complaint must be dismissed because plaintiffs have not properly served Donald Rumsfeld or the three unknown agents in accordance with Rule 4(i) of the Federal Rules of Civil Procedure.

WHEREFORE, defendants respectfully request that the Court grant their motion and dismiss the plaintiff's Complaint.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney

_____

JAMES G. SHEEHAN
Assistant United States Attorney
Chief, Civil Division

_____

RICHARD MENTZINGER, JR.
Assistant United States Attorney
United States Attorney's Office
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA
(215) 861-8316

Dated: August 21, 2002

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JMS, DLS and JAS,<br>all minors by their parents,<br>TS and CS, individually<br>and as parents and natural<br>guardians of JMS, DLS and JAS,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>DONALD RUMSFELD, SECRETARY<br>DEPARTMENT OF DEFENSE,<br>UNITED STATES OF AMERICA<br>DEFENSE CRIMINAL INVESTIGATIVE<br>SERVICE,<br>　　　and<br>THREE UNKNOWN AGENTS,<br><br>　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:　　CIVIL ACTION NO. 02-3993<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

In a three page complaint, five unidentified plaintiffs, including three minors under the age of ten, have brought an action against defendant Donald Rumsfeld, the Secretary of Defense, and three unknown agents, in which they allege that the agents, who were apparently investigating the sale of surplus military equipment, violated their rights by serving a records subpoena "in a nasty and conniving manner." Plaintiffs' Complaint contains few factual allegations and fails to set forth, in any comprehensible way, the legal basis of their claim or the district court's jurisdiction over this matter. Moreover, plaintiffs have failed to make proper service on any of the defendants. As we will show, the plaintiffs' claims against the defendants are completely meritless and their Complaint must be dismissed.

<u>ARGUMENT</u>

I.    PLAINTIFFS CANNOT BRING ANY CLAIM UNDER THE FEDERAL TORT CLAIMS
      ACT

> A.    Neither Donald Rumsfeld nor the Three Unknown Agents are Proper
>       <u>Defendants in an Action Under the Federal Tort Claims Act</u>

It is well settled that "the United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." <u>United States v. Sherwood</u>, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed.2d 1058 (1941).  Sovereign immunity may be waived only to the extent that Congress, by statute, has explicitly consented to the waiver of sovereign immunity. <u>United States v. Mitchell</u>, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980).  The Federal Tort Claims Act "is the exclusive waiver of sovereign immunity for actions sounding in tort against the United States, its agencies and/or officers acting within their official capacity." <u>J.D. Pflaumer v. United States Department of Justice</u>, 450 F.Supp. 1125, 1132 n.11 (E.D.Pa. 1978).

In an action under the Federal Tort Claims Act, the only proper defendant is the United States of America. 28 U.S.C. § 2679.  The plaintiff may not bring suit against the federal agency that was allegedly responsible for the plaintiff's injuries. See <u>e.g.</u>, <u>FDIC v. Craft</u>, 157 F.3d 697, 706-07 (9th Cir. 1998)(FDIC); <u>Galvin v. Occupational Safety & Health Administration</u>, 860 F.2d 181, 183 (5th Cir. 1988)(OSHA); <u>Myers & Myers, Inc. v. United States Postal Service</u>, 527 F.2d 1252, 1256 (2nd Cir. 1975)(Postal Service).  Nor may the plaintiff bring a claim under the Federal Tort Claims Act against a federal employee acting within the scope of his employment. See <u>United States v. Smith</u>, 499 U.S. 160, 111 S.Ct. 1180, 113 L.Ed.2d 134 (1991).

-2-

Here, plaintiffs purport to bring a claim under the Federal Tort Claims Act. <u>See</u> Complaint at ¶ 9. Donald Rumsfeld, the Secretary of Defense, and the three unknown agents are not proper defendants in an action under the Federal Tort Claims Act. 28 U.S.C. § 2679. Because plaintiffs have not named a proper defendant, the plaintiffs' claim under the Federal Tort Claims Act must be dismissed.

      B.      The Court Lacks Jurisdiction Over Any Claim Under the Federal Tort Claims <u>Act Because Plaintiffs Have Not Filed an Administrative Claim</u>

Under the Federal Tort Claims Act, a party may not maintain an action against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency." 28 U.S.C. 2675(a). <u>See</u> <u>Rosario v. American Export-Isbrandtsen Lines, Inc.</u>, 531 F.2d 1227 (3rd Cir.), <u>cert</u>. <u>denied</u>, 429 U.S. 857, 97 S.Ct. 156, 50 L. Ed. 2d 135 (1976). <u>See</u> <u>also</u> <u>Meeker v. United States</u>, 435 U.S. 1219, 1220 (8th Cir. 1970)(filing of administrative claim is "an absolute prerequisite to the maintaining of a civil action against the Government for damages arising from a tortious occurrence due to the negligence of a federal employee"). The filing of an administrative claim is jurisdictional in nature and cannot be waived. <u>United States v. Kubrick</u>, 444 U.S. 111, 117-18, 100 S.Ct. 352, 357, 62 L.Ed. 2d 259 (1979); <u>Bialowas v. United States</u>, 443 F.2d 1047, 1049 (3rd Cir. 1971).

The Supreme Court has made clear that the plaintiff may not file an action under the Federal Tort Claims Act until the plaintiff has filed an administrative claim and fully exhausted his administrative remedies. <u>McNeil v. United States</u>, 508 U.S. 106, 112, 113 S.Ct. 1980, 1983-84, 124 L.Ed.2d 21 (1993). The Third Circuit has confirmed that "where Congress has imposed an administrative exhaustion requirement by statute, the exhaustion of those procedures is mandatory."

Wujick v. Dale & Dale, Inc., 43 F.3d 790, 793-94 (3rd Cir. 1994). Courts have consistently held that they "lack jurisdiction over an action commenced before administrative remedies have been exhausted and must dismiss any action which is prematurely commenced." Krumins v. Atkinson, 1997 WL 22396 at *2 (E.D. Pa. January 17, 1997).[1]

Here, plaintiffs never allege that they filed any administrative claim or that they exhausted their administrative remedies under the Federal Tort Claims Act. The plaintiffs' failure to file an administrative claim deprives the court of jurisdiction over any action under the Federal Tort Claims Act. Bialowas, 443 F.2d at 1049. Because plaintiffs have not alleged that they filed an administrative claim and exhausted their administrative remedies, their action under the Federal Tort Claims Act must be dismissed.[2]

## II.    PLAINTIFFS CANNOT STATE ANY CLAIM UNDER THE WHISTLEBLOWER PROTECTION ACT

In their Complaint, plaintiffs allege that the service of the subpoena was retaliatory in nature and "a violation of the Federal Whistle Blower's Act." Complaint at ¶ 7. Plaintiffs, however, never provide any citation for, or otherwise identify, the statute to which they are referring and never specify how the defendants supposedly violated the statute. Plaintiffs' Complaint thus fails to comply with the fundamental proposition that a complaint must "give the defendant fair

---

[1] The plaintiff has the burden of establishing subject matter jurisdiction. See Mortensen v. First Federal Savings & Loan Association, 549 F.2d 884, 891-92 (3rd Cir. 1977).

[2] Even if plaintiffs had named the proper defendant under the Federal Tort Claims Act, filed an administrative claim and exhausted their administrative remedies, plaintiffs' Complaint would still have to be dismissed because they do not allege any "negligent or wrongful act or omission" by an employee of the federal government. 28 U.S.C. § 1346(b). Plaintiffs' claim that two unknown agents served a subpoena on them "in a nasty and conniving manner" does not constitute any sort of common law tort claim and would not be cognizable under the Federal Tort Claims Act.

notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

When the plaintiffs make reference to the "Federal Whistle Blower's Act," it is possible that the plaintiffs are referring to the Whistleblower Protection Act of 1989, Pub. L. No. 101-12, 103 Stat 16 (1989)(codified in scattered sections in Title 5) which provides certain protections for employees of the federal government. See Stella v. Mineta, 284 F.3d 135, 142 (D.C. Cir. 2002). In particular, the Whistleblower Protection Act prohibits a government agency from taking adverse personnel action against a federal employee because of the disclosure of information which the employee believes evidences a violation of law, the gross mismanagement of funds, an abuse of authority or a substantial danger to public health. 5 U.S.C. § 2302(b)(8). Under the procedures set forth in Title 5, a federal employee who believes that he is a victim of unlawful reprisal must generally bring such a complaint first to the Office of Special Counsel ("OSC"). 5 U.S.C. § 1214(a)(1)(A). If the OSC terminates its investigation, the employee may file a whistleblower claim with the Merit Systems Protection Board ("MSPB"). 5 U.S.C. § 1214(a)(3); 1221(a). The MSPB's decision is appealable to the Court of Appeals for the Federal Circuit. 5 U.S.C. § 7703. Unless the plaintiff has filed a so-called "mixed case," which also contains allegations of discrimination, the district court has no jurisdiction to entertain a claim of "whistleblowing" under Section 2302(b)(8). See, e.g., Burrell v. U.S. Postal Service, 164 F.Supp.2d 805, 812-13 (E.D. La. 2001); Ugarte v. Johnson, 40 F.Supp.2d 178, 181-82 (S.D.N.Y. 1999).

Any possible claim that plaintiffs may be seeking to bring under the Whistleblower Protection Act is plainly frivolous. Plaintiffs fail to allege that they are federal employees, that they made a protected disclosure, that they suffered an adverse personnel action or that the protected

disclosure was a contributing factor in their disciplinary action. See, e.g., Carr v. Social Security Administration, 185 F.3d 1318, 1322 (Fed. Cir. 1999). Plaintiffs do not allege that they exhausted their administrative remedies. See, e.g., Black v. Reno, 2000 WL 37991 at * 8-*9 (S.D.N.Y. January 18, 2000); Robinson v. Rubin, 77 F.Supp.2d 784, 793 (S.D. Tex. 1999). Plaintiffs do not set forth any basis for the district court to exercise jurisdiction over a whistleblowing claim. See, e.g., Ugate, 40 F.Supp.2d at 181-82. Simply put, plaintiffs have failed to allege any basis for a claim under the Whistleblower Protection Act or for the district court to exercise jurisdiction of such a claim. Accordingly, plaintiffs' whistleblowing claim must be dismissed.

III.    PLAINTIFFS CANNOT STATE ANY CONSTITUTIONAL CLAIM AGAINST THE DEFENDANTS

    A.    Plaintiff Cannot State Any Constitutional Claim Which is Not Barred By the Doctrine of Qualified Immunity

        Although federal officials are subject to suit in their individual capacities for alleged violations of constitutional rights, they are afforded broad protection from liability under the doctrine of qualified immunity. See generally Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The doctrine of qualified immunity holds that "governmental officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow, 457 U.S. at 818, 102 S.Ct. at 2738. A "clearly established" right is generally defined as a right so thoroughly developed and consistently recognized under the law of the jurisdiction as to be "indisputable" and "unquestioned". Zweibon v. Mitchell, 720 F.2d 162, 172-73 (D.C. Cir. 1983), cert. denied, 469 U.S. 880, 105 S.Ct. 244, 83 L.Ed.2d 182 (1984). Because only suits for violations of clearly established constitutional rights may proceed under the qualified

-6-

immunity doctrine, the Supreme Court has observed that doctrine protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986).

The Supreme Court has recognized that "permitting damages suits against government officials can entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties." Anderson v. Creighton, 483 U.S. 635, 638, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). See also Harlow, 457 U.S. at 814, 102 S.Ct. at 2736 ("social costs" of such litigation include "the expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office"). The defense of qualified immunity is thus "an immunity from suit rather than a mere defense to liability." Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). The doctrine of qualified immunity is intended to "spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." Siegert v. Gilley, 500 U.S. 226, 232, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991). As a result, the Supreme Court has repeatedly emphasized that the issue of qualified immunity "should be resolved at the earliest possible stage of a litigation" in order to avoid the "'broad-ranging discovery' that can be 'peculiarly disruptive of effective government.'" Anderson, 483 U.S. at 646 n. 6, 107 S.Ct. at 3042 n.6, quoting Harlow, 547 U.S. at 817, 102 S.Ct. at 2737-38. See Hunter v. Bryant, 502 U.S. 224, 227, 112 S.Ct. 534, 536, 116 L.Ed.2d 589 (1991).

In determining whether an individual is entitled to claim qualified immunity, the court must first "determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all." Conn v. Gabbert, 526 U.S. 286, 290, 119 S.Ct. 1292, 1295, 143 L.Ed.2d 399 (1999).

-7-

A decision on this "purely legal question permits courts expeditiously to weed out suits" without requiring the defendant to engage in time consuming preparation to defend the lawsuit. Siegert, 500 U.S. at 232, 111 S.Ct. at 1793. Where plaintiff fails to allege the violation of a constitutional right, the defendant is plainly entitled to qualified immunity. Id. at 232-33, 111 S.Ct. at 1793-94.

Next, the plaintiff must establish that the constitutional right that the government official allegedly violated was "clearly established" at the time of the alleged violation. Conn, 526 U.S. at 290, 119 S.Ct. at 1295. The Supreme Court has observed that the plaintiff cannot merely allege the violation of "extremely abstract rights." Anderson, 483 U.S. at 639, 107 S.Ct. at 3039. See In re City of Philadelphia Litigation, 158 F.3d 711, 718 (3rd Cir. 1998)("the courts are required to conduct more than a generalized inquiry into whether an abstract constitutional right is implicated"). Rather, the right the government official is alleged to have violated must have been "clearly established" in a more "particularized" sense. Id. at 640, 107 S.Ct. at 3039. While this standard does not require that "the very action in question has previously been held unlawful", the Supreme Court has explained the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right". Id. In other words, in "light of pre-existing law the unlawfulness must be apparent." Id.

Moreover, the clearly established constitutional right the federal official allegedly violated must be set forth by the plaintiff with "specificity." Bartholomew v. Commonwealth of Pennsylvania, 221 F.3d 425, 429 (3rd Cir. 2000). See Wilson v. Layne, 526 U.S. 603, 615, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999). The determination of whether a particular defendant is entitled to qualified immunity "demands a highly individualized inquiry." Rouse v. Plantier, 182 F.3d 192, 200 (3rd Cir. 1999). The critical issue is whether a reasonable public official "would know that his or her

specific conduct violated clearly established rights." Grant v. City of Pittsburgh, 98 F.3d 116, 121 (3rd Cir. 1996)(emphasis in original). See Reitz v. County of Bucks, 125 F.3d 139, 147 (3rd Cir. 1997)(qualified immunity analysis "requires application of the law to the particular conduct at issue"). If it was not "clearly established" that the federal official's specific conduct violated plaintiff's constitutional rights, the official is entitled to qualified immunity.

Finally, even if a public official violated a clearly established constitutional right, the court must determine whether a reasonable official would know that his conduct violated the plaintiff's rights. Harlow, 457 U.S. at 818, 102 S.Ct. at 2738; Bartholomew, 221 F.3d at 428. The Supreme Court has stated that the focus of qualified immunity is on the "objective legal reasonableness" of the actions taken by the public official and has held that government officials are to be granted immunity from civil claims "as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." Anderson, 483 U.S. at 638, 107 S.Ct. at 3038. See Malley, 475 U.S. at 341, 106 S.Ct. at 1096 (qualified immunity recognized where "officers of reasonable competence could disagree" about whether the action was lawful); Good v. Dauphin County Social Services for Children and Youth, 891 F.2d 1087, 1092 (3rd Cir. 1989)(test is whether reasonable officials in the position "could have believed, in light of what was in the decided case law, that their conduct would be lawful"). Thus, government officials are entitled to qualified immunity where "their decision was reasonable, even if mistaken." Hunter, 502 U.S. at 229, 112 S.Ct. at 537.

The defendant has the ultimate burden of establishing the defense of qualified immunity. Karnes v. Skrutski, 62 F.3d 485, 491 (3rd Cir. 1995). Nevertheless, where the defendant asserts a qualified immunity defense, the plaintiff bears the initial burden of showing that the

defendant's conduct violated some "clearly established" constitutional right. Sherwood v. Mulvihill, 113 F.3d 396, 399 (3rd Cir. 1997).  The Third Circuit has held that "the question of whether a constitutional right is clearly established and the question of whether the officer acted reasonably are matters of law for the court to decide." Bartholomew, 221 F.3d at 428. See also Sharrar v. Felsing, 128 F.3d 810, 828 (3rd Cir. 1997).

Here, plaintiff does not allege any violation of any constitutional right, much less a "clearly established" constitutional right.  Plaintiffs allege that agents, "identifying themselves as agents of defendant DOD," violated the Fourth Amendment when they "illegally served a purported subpoena allegedly issued by the Department of the Inspector General of the United States DOD". Complaint at ¶ 5.  Although plaintiff TS was not at home the agents left the subpoena and "stated that this was for plaintiff TS and in a nasty and conniving manner declared that this would really give TS something to sue about." Id. at ¶ 6.[3]

The Fourth Amendment protects the right of citizens against "unreasonable searches and seizures."  Plaintiff does not allege that there was any search or seizure, much less an unreasonable search or seizure.  It is not a violation of the Fourth Amendment (or any other constitutional or statutory provision) to serve a subpoena "in a nasty and conniving manner." Complaint at ¶ 6.  Moreover, the agents were fully authorized to serve the subpoena.  The Inspector General Act of 1978 specifically gives the Inspector General the authority to serve subpoena for

_____

[3] In their Complaint, plaintiffs alleged, among other things, that the agents "illegally" served the subpoena, that service of the subpoena was "retaliatory in nature," and that agents had previously made an "illegal entry" into the plaintiffs' home. See Complaint at ¶¶ 5, 7, 8.  These are not factual allegations but merely legal conclusions.  It is well established that, in connection with a motion to dismiss, the court is not required to accept as true legal conclusions masquerading as factual allegations. See, e.g., Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 2944, 92 L.Ed.2d 209 (1986); Morse v. Lower Merion School District, 132 F.3d 902, 906 (3rd Cir. 1997).

documents, papers and other information. 5 U.S.C. Appendix, § 6(a)(4).  It is well established that

the service of a subpoena, even an allegedly unauthorized one, does not constitute a violation of the

Fourth Amendment.  See Wheeldin v. Wheeler, 373 U.S. 647, 649-50, 83 S.Ct. 1441, 1444, 10

L.Ed.2d 605 (1963).  Moreover, there is no constitutional violation where a warrant is reasonably

executed.  Dalia v. United States, 441 U.S. 238, 257, 99 S.Ct. 1682, 1693, 60 L.Ed.2d 177 (1979).

Under any possible theory, plaintiffs' allegations that two agents came to their house, identified

themselves as agents of the Department of Defense and served a subpoena "in a nasty and conniving

manner" simply does not amount to a violation of the "clearly established" law under the Fourth

Amendment.[4]

> B.  Plaintiff Cannot State Any Constitutional Claim Against Defendant Rumsfeld
>     or the Unknown Supervisor

It is fundamental that liability for a Bivens claim cannot be premised upon the

operation of  respondeat superior. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561

(1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3rd Cir. 1976).  To be held

liable in a Bivens case for an alleged violation of constitutional rights, the defendant must have direct

and personal involvement in the allegedly wrongful conduct. See, e.g., Rode v. Dellarciprete, 845

---

[4] The statute of limitations in a Bivens action alleging the violation of the Constitution by a federal official is the statute of limitations for personal injuries in the state where the tortious act occurred. See Wilson v. Garcia, 471 U.S. 261, 279, 105 S.Ct. 1938, 1948, 85 L.Ed.2d 254 (1985); Napier v. Thirty or More Unidentified Federal Agents, Employees or Officers, 855 F.2d 1080, 1087-89.  Under Pennsylvania law, an action for personal injuries must be commenced within two years of the accrual of the cause of action. See 42 Pa.C.S.A. § 5524. Thus, there was a two year statute of limitations for the plaintiffs' claims against the defendants. See, e.g., Johnstone v. United States, 980 F.Supp. 148, 153 (E.D. Pa. 1997).  To the extent that plaintiffs are seeking to raise any claim concerning the alleged "unlawful" entry on April 5, 2000, it would be barred by the statute of limitations because this complaint was filed more than two years after that date. Complaint at ¶ 7.

-11-

F.2d 1195, 1207 (3rd Cir. 1988); <u>Coleman v. Frame</u>, 843 F.Supp. 993, 994 (E.D. Pa. 1994). Courts have held, for example, that "an official's failure to supervise, train, and discipline subordinates could not, absent a showing of the official's direct involvement in the subordinate's unconstitutional actions, amount to a breach of clearly established constitutional duty". <u>Brown v. Grabowski</u>, 922 F.2d 1097, 1120 (3rd Cir. 1990), <u>cert</u>. <u>denied</u> 501 U.S. 1218, 111 S.Ct. 2827, 115 L.Ed.2d 997 (1991). The Third Circuit has stated that the requisite personal involvement may be shown through "allegations of personal direction or of actual knowledge and acquiescence" and that those allegations must be made with particularity. <u>Rode</u>, 845 F.2d at 1207. Moreover, where several officials are alleged to have violated the plaintiff's rights, the plaintiff "must plead the personal involvement of each defendant with specificity and with sufficient facts to overcome a likely defense of immunity." <u>Rallis v. Stone</u>, 821 F.Supp. 466, 470 (E.D. Mich 1993). <u>See</u> generally <u>Rouse</u>, 182 F.3d at 200; <u>Grant</u>, 98 F.3d at 122.

Here, plaintiffs do not allege, nor could they, that Donald Rumsfeld, the Secretary of Defense knew about the service of the subpoena or that he had anything to do with it. Indeed, plaintiffs make no specific factual allegations about defendant Rumsfeld in their complaint other than identifying him as the Secretary of Defense. Complaint at ¶ 4. Moreover, plaintiffs do no make any factual allegations concerning the "male supervisor" other than stating that he is one of the "three unknown agents." Complaint at ¶ 10. Plaintiffs do not set forth an specific factual allegations showing that "male supervisor" had anything to do with the service of the subpoena or describe the basis of any claim against him. In short, plaintiffs cannot set forth any constitutional claim against defendant Rumsfeld or the "male supervisor" because they make no allegations that either defendant had any personal involvement in the alleged violation of the plaintiffs' constitutional rights.

IV.    PLAINTIFFS' COMPLAINT MUST BE DISMISSED FOR FAILURE TO MAKE PROPER SERVICE

Under Rule 4(i) of the Federal Rules of Civil Procedure, service upon the United States may be effected by: (1) delivering a copy of the summons and complaint to the United States Attorney (or designed employee) for the district in which the action has been brought or by sending a copy of the summons and complaint by registered or certified mail to the civil process clerk for the United States Attorney's Office and (2) sending a copy of the summons and complaint by registered or certified mail to the Attorney General for the United States. Fed.R.Civ.P. 4(i)(1).  Service upon an officer or agency of the United States sued in his official capacity may be effected by serving the United States and by sending a copy of the summons and complaint by registered or certified mail to the officer or agency. Fed.R.Civ.P. 4(i)(2).

When a federal official is sued in his or her individual capacity, it is well settled that the officer must be personally served with the summons and complaint. See, e.g., Micklus v. Carlson, 632 F.2d 227, 240-41 (3rd Cir. 1980); Howard v. United States, 2000 WL 128701 at *1 (E.D. Pa. January 24, 2000); Doyle v. U. S. Department of Justice, 1995 WL 412406 at *4 (E.D. Pa. July 7, 1995).  Rule 4(i)(2)(B) provides that when an officer or employee of the United States is sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States, the plaintiff must serve the United States and personally serve the individual defendant. Fed.R.Civ.P. 4(i)(2)(B).[5]

---

[5] When an objection to service is made, the party making service has the burden of demonstrating that service was properly made. See Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3rd Cir. 1993); Atuahene v. Sears Mortgage Corp., 2000 WL 134326 at *6 (E.D. Pa. February 4, 2000); Suegart v. U.S. Customs Service, 180 F.R.D. 276, 278 (E.D. Pa. 1998).

Here, none of the defendants have been properly served. Plaintiff has not served any of the "three unknown agents." Nor has the plaintiff completed proper service on the United States or defendant Rumsfeld. The plaintiffs' failure to effect proper service requires the dismissal of plaintiffs' Complaint for failure to make proper service.

<u>CONCLUSION</u>

For all the reasons set forth above, defendants respectfully request that plaintiffs' Complaint be dismissed.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney


_____

JAMES G. SHEEHAN
Assistant United States Attorney
Chief, Civil Division


_____

RICHARD MENTZINGER, JR.
Assistant United States Attorney
United States Attorney's Office
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA
(215) 861-8316


Dated: August 21, 2002

<u>CERTIFICATE OF SERVICE</u>

I, Richard Mentzinger, Jr., hereby certify that on the 21st day of August, 2002, I caused a copy of the foregoing Defendants' Motion to Dismiss the Complaint to be served by first class mail, postage prepaid upon

> Shelly Farber, Esq.
> 1 Veterans Square
> Media, PA 19063

_____
RICHARD MENTZINGER, JR.
Assistant United States Attorney